J-S14003-26                    2026 PA Super 165

MAHDI MILLS                          :   IN THE SUPERIOR COURT OF
                                     :            PENNSYLVANIA
                                     :
          v.                         :
                                     :
                                     :
                                     :
JASMINE DUNHAM                        :
                                     :
          Appellant                  :   No. 818 MDA 2025

Appeal from the Order Entered May 23, 2025
In the Court of Common Pleas of Northumberland County Civil Division at
No(s):  CV-2024-01112

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

OPINION BY KUNSELMAN, J.:                    **FILED: JULY 30, 2026**

Jasmine Dunham appeals from the final order granting the petition for protection from abuse (PFA) filed by Mahdi Mills.  She challenges the denial of a continuance based on her pending criminal charges from the same underlying incident.  We reject a *per se* rule that pending criminal charges will always outweigh other circumstances that a PFA court must consider in ruling on a motion for continuance of a final PFA hearing.  In this case, the PFA court's ruling was within its discretion.  We thus affirm.

On June 20, 2024, Mills petitioned for a PFA order on behalf of himself and two minor children, describing the most recent incident of abuse on June 18, 2024.  The PFA court granted a temporary PFA order effective "until June 20, 2025 or until otherwise modified or terminated by [the PFA court] after notice and hearing."  **See** Temporary PFA Order, 6/20/24, at 3.  The PFA court scheduled a final hearing for July 3, 2024.  The final hearing was continued

once at Mills' request and three times at Dunham's. Dunham's first motion for a continuance provided that she had "pending criminal charges resulting from these allegations" and would "be unable to defend herself by testifying." Application for Continuance, 7/31/24. A subsequent amended temporary PFA order (entered by a different judge) provided the same reason for an agreed continuance of the temporary protective order:

> [Dunham's] request to continue the order until such time as the criminal case connected with this matter is settled is granted. The PFA hearing shall be continued for 11 months from the date of the filing of the temporary order.

Temporary PFA Order, 9/16/24, at 2. The final hearing was thus scheduled for May 21, 2025.

Mills, Dunham's adult daughter Shantelle Mullins, the minor children, and both parties' attorneys appeared for the final hearing on May 21, 2025. Before Dunham arrived, her attorney requested a continuance for the same reason as before: Dunham's testifying to defend against the PFA allegations would require her to waive her Fifth Amendment right against self-incrimination. N.T., 5/21/25, at 5–6. Mills' attorney gave two reasons for opposing a continuance: First, the temporary order was in effect for only one more month, and counsel believed "a temporary order by statute has to expire within one year." *Id.* at 5. Second, Mills "would prefer to have the cases move forward" and did not consent to a continuance. *Id.* at 6.

The PFA court denied a continuance. Once Dunham arrived, Mills presented testimony from himself and from Shantelle Mullins. Dunham cross-

examined both witnesses but did not present any other evidence on her own behalf, citing the pending criminal matter. *Id.* at 66. The PFA court granted Mills' petition for a final PFA order.

Dunham timely appealed. Dunham and the PFA court complied with Pennsylvania Rule of Appellate Procedure 1925. The PFA court articulated three reasons for its denial of Dunham's continuance motion: (1) Mills was present with counsel and witnesses to proceed, (2) at the time of the hearing, there was no firm date for the resolution of the criminal case and any appeal, and (3) the temporary order was set to expire in one month. *See* PFA Court Opinion, 9/23/25, at 2. "[Dunham] was provided an opportunity to resolve the criminal matter; however, the concerns of fairness to the alleged victims of abuse, for resolution of the civil PFA before it expired, had to take precedence." *Id.* at 3.

On appeal, Dunham maintains that the PFA court abused its discretion by denying her continuance request despite her pending criminal charges from the same incident. She states that those charges were "ultimately resolved on October 16, 2025," with her entry into an accelerated rehabilitative disposition (ARD) program. Dunham emphasizes that Mills would not have suffered any prejudice from a continuance, as the PFA court could have extended the terms of the temporary order to protect Mills and the children. By contrast, she argues that the denial of a continuance improperly pitted her right to present evidence in the civil PFA case against her right to remain silent in the related criminal case.

Mills contends that Dunham's proposed remedy would effectively require an indefinite continuance, as ARD does not resolve the criminal charges. He notes a final order provides finality that a temporary order does not. Mills submits that the relevant factors support the trial court's discretionary denial of Dunham's continuance request.

By statute, a PFA court has discretion to continue a final hearing. *Ferko-Fox v. Fox*, 68 A.3d 917, 926 (Pa. Super. 2013) (citing 23 Pa.C.S. § 6107(c)). Accordingly, we review a PFA court's ruling on a continuance request to determine whether the court abused its discretion. *Id.* at 925. "An abuse of discretion is more than just an error in judgment and, on appeal, the [PFA] court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the results of partiality, prejudice, bias or ill-will." *Id.* (quoting *Baysmore v. Brownstein*, 771 A.2d 54, 57 (Pa. Super. 2001)).

We have articulated four general factors to determine whether the denial of a continuance is an abuse of discretion: "whether there was prejudice to the opposing party by a delay, whether opposing counsel was willing to continue the case, the length of the delay requested, and the complexities involved in presenting the case." *Rutyna v. Schweers*, 177 A.3d 927, 933 (Pa. Super. 2018) (*en banc*) (quoting *Papalia v. Montour Auto Serv. Co.*, 682 A.2d 343, 345 (Pa. Super. 1996)). In a related situation, where a defendant requests a continuance to retain new counsel, we have looked to the depth of the inquiry conducted by the trial court, as well as the number of

- 4 -

prior continuances, the timing of the request, and whether the newly retained counsel is ready to proceed in a reasonable amount of time. **See Commonwealth v. Prysock**, 972 A.2d 539, 543 (Pa. Super. 2009).

We reject a *per se* rule that a PFA final hearing must be continued if it stems from an incident that also produced pending criminal charges. Although this is the normal practice, which was previously followed in this case, such a mandatory rule is inconsistent with a determination that is vested in a PFA court's sound discretion. Rather, consistent with the relevant factors above, a court that is asked to continue a PFA hearing should consider the complete circumstances of the case. The court commits an abuse of discretion in doing so if it misapplies the law or enters a ruling that is manifestly unreasonable or the result of partiality, prejudice, bias, or ill-will.

Here, the PFA court also noted that Dunham did not present the motion at issue until the beginning of the PFA hearing, which had been rescheduled for several months. Furthermore, Mills had secured witnesses to testify at the hearing and opposed Dunham's latest request. Contrary to the belief expressed by Mills' attorney at the hearing, the PFA Act does not impose a one-year time limit on temporary orders. **Cf.** 23 Pa.C.S. § 6107(c). However, the temporary order in this case was set to expire in one month, and there was no indication of when Dunham's related criminal case would be resolved so they could proceed with the civil PFA matter. The PFA court's decision to weigh Mills' interest in receiving a final ruling on his petition greater than Dunham's interest in avoiding potential self-incrimination was not a

misapplication of the law or otherwise an abuse of discretion. Dunham's issue fails.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/30/2026